**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mychelle Moxley, | No. CV-20-01964-PHX-SPL |
| Plaintiff, | |
| vs. | **ORDER** |
| Christina Orozco, | |
| Defendant. | |

    This case arises out of a dispute between two federal employees. Plaintiff Mychelle Moxley worked as a mail carrier at the United States Postal Service and Defendant Christina Orozco was her supervisor. (Doc. 6 at 2). In September of 2020, Plaintiff filed a Petition for Injunction Against Harassment in Agua Fria Justice Court alleging that Orozco "shoved the plaintiff at work" and that "the manager has not protected the plaintiff by removing [Orozco] from the office and back to her employing office." (Doc. 1-1 at 2). On September 21, 2020, the Justice Court granted the Petition and issued an injunction preventing Orozco from contacting Plaintiff. (Doc. 1-1). On October 10, 2020, the United States of America, on behalf of Orozco, removed the action to this Court pursuant to 28 U.S.C. § 1442(a)(1). (Doc. 1). On October 14, 2020, Plaintiff filed an EEOC charge based on the same altercation. (Doc. 6-1 at 2-6).

    On December 7, 2020, the United States filed the instant Motion to Dismiss for Lack of Subject Matter Jurisdiction and Motion to Quash Order (Doc. 6). The United States argues in relevant part that "to the extent Plaintiff's allegations can be construed as a tort

claim," they must be dismissed because "Orozco enjoys absolute immunity from suit for common law torts committed within the scope of her Federal employment." (Doc. 6 at 8). Alternatively, the United States argues that, because Plaintiff filed the EEOC charge based on the same altercation, the Petition can be construed as a discrimination claim and should be dismissed because "Title VII is the exclusive judicial remedy for claims of race, national origin, religion, or sex discrimination in federal employment." (Doc. 6 at 6). The United States therefore asks the Court to (a) dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and (b) quash the state court Injunction.

Removal is appropriate under 28 U.S.C. § 1442(a)(1) for any action filed in state court against "[a]ny officer (or any person acting under that officer) of the United States or of any agency thereof, . . . for any act under color of such office." *See also David Russell Foote v. Stephanie Cook*, No. CV-20-02250-PHX-MTM, 2021 WL 212366, at *1 (D. Ariz. Jan. 21, 2021) (removal is proper under § 1442(a)(1) for "a civil action against a federal employee that alleges an act conducted in the scope of Defendant's federal employment."). Here, Orozco's alleged conduct occurred in the course of her employment—she allegedly shoved Plaintiff at work. (Doc. 1-1 at 2); (Doc. 6-2 at ¶¶ 2-3). However, because "jurisdiction under § 1442(a)(1) is derivative, the Court may not exercise jurisdiction over the removed action unless the state court initially had jurisdiction, even if the action could have originally been filed in federal court." *Gonzalez v. Mills*, No. CV-11-08020-PCT-NVW, 2011 WL 1379525, at *1 (D. Ariz. Apr. 12, 2011) (citing *In re Elko County Grand Jury*, 109 F.3d 554, 555 (9th Cir.1997)). Thus, if the Justice Court did not have jurisdiction to grant the Petition, this Court must dismiss the action. *See id.*

First, Defendants are correct that, to the extent Plaintiff alleges discrimination, the claim is preempted by federal law. The Civil Rights Act of 1964 (more commonly referred to as "Title VII") "prohibits all discrimination in employment based upon race, sex, and national origin." *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 259 (1981); *see also* 42 U.S.C. § 2000e *et seq.* Section 717 of Title VII "provides the exclusive judicial

remedy for claims of discrimination in federal employment." *Brown v. General Services Administration*, 425 U.S. 820, 835 (1976). In fact, the very purpose of Section 717 is to provide "an exclusive, *preemptive* administrative and judicial scheme for the redress of federal employment discrimination." *Id.* at 828-29 (emphasis added). Thus, if Plaintiff alleged discrimination in the Petition, the Justice Court lacked jurisdiction to grant the Petition and this Court would lack derivative jurisdiction on removal.

However, this Court declines to construe the allegations in the Petition as a discrimination claim. Plaintiff does list Title VII as a remedial statute in her EEOC charge, and mentions her race in her Response to Defendant's Motion to Dismiss. *See, e.g.*, (Doc. 6-1 at 5); (Doc. 8 at 7) ("Postal management only defends postal management, craft employees are not protected, especially if you are disabled or of color, as I am African American."). But these assertions only came *after* the Justice Court granted the Petition. In the Petition itself—the only documentation before the Justice Court—Plaintiff does not mention her race (or any other protected class). Instead she merely alleges that "defendant shoved the plaintiff at work." (Doc. 1-1 at 6).

The allegations in the Petition are more properly construed as a tort claim, not a discrimination claim. Under Arizona law, the tort of battery is defined as "an intentional act by one person that results in harmful or offensive contact with the person of another." *Rice v. Brakel*, 310 P.3d 16, 19 (Ariz. Ct. App. 2013). Plaintiff alleges a battery here, because she alleges Orozco intentionally shoved her in a harmful and/or offensive way.[1] *See, e.g.*, *Safeway Stores, Inc. v. Harrison*, 14 Ariz. App. 439, 442, 484 P.2d 208, 211 (1971) (finding a battery where plaintiff alleged defendant shoved her). Accordingly, the Petition does not allege discrimination but rather alleges a tort, and Title VII's preemptive

---

[1] Plaintiff refers to Orozco's acts as "assault." *See, e.g.*, (Doc. 8 at 5) ("Even after 3 employees heard me scream immediately after I was assaulted the postal service rewarded the defendant with the ability to have the opportunity to assault me again."). However, they are better characterized as battery because Orozco allegedly physically contacted Plaintiff's body. *See, e.g.*, *Garcia v. United States*, 826 F.2d 806, 809 n.9 (9th Cir. 1987) (defining assault as merely placing the victim in "imminent apprehension of the contact").

3

force does not deprive this Court of subject matter jurisdiction.

However, construing the Petition as alleging a battery, the case must be dismissed because Orozco enjoys sovereign immunity as a federal employee. "The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress." *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983). Additionally, "sovereign immunity applies to federal agencies and to federal employees acting within their official capacities." *Hodge v. Dalton*, 107 F.3d 705, 707 (9th Cir. 1997). Through the Federal Tort Claims Act, Congress has waived sovereign immunity for suits alleging "claims against the United States . . . [for] the negligent or wrongful act or omission of any employee." 28 U.S.C. § 1346(b)(1). However, "waiver of sovereign immunity does not apply to '[a]ny claim arising out of assault [or] battery.'" *CNA v. United States*, 535 F.3d 132, 148 (3d Cir. 2008), as amended (Sept. 29, 2008) (emphasis added) (citing 28 U.S.C. § 2680(h)).

Here, as discussed above, the Petition is properly construed as a claim for battery. Orozco is therefore entitled to sovereign immunity, and the claim must be dismissed for lack of subject matter jurisdiction. *See, e.g.*, *Filer v. Tohono O'Odham Nation Gaming Enter.,* 212 Ariz. 167, 171 (Ct. App. 2006) (affirming dismissal for lack of subject matter jurisdiction because "the doctrine of sovereign immunity applies to divest the Arizona courts of jurisdiction"); *David Russell Foote*, 2021 WL 212366, at *2 (dismissing similar justice court petition against USPS worker upon removal for lack of subject matter jurisdiction because the petition alleged a battery which "falls into one of the categories of suits the government has not waived its sovereign immunity for").

In sum, this Court does not have subject matter jurisdiction over this case upon removal. The Petition, insofar as it alleges a common law tort claim, is barred by sovereign immunity. Insofar as the Petition is construed as a discrimination claim, it is preempted by federal law. Accordingly, the Justice Court lacked original jurisdiction to grant the Petition, and this Court cannot maintain derivative jurisdiction upon removal.

The United States' Motion to Dismiss will be granted in its entirety. The case will

be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Additionally, "when a case is removed from state to federal court," the federal court may "review[] a prior state court judgment because the filing of a notice of removal in the state court terminates the state courts jurisdiction over the matter." *Aspic Eng'g & Constr. Co. v. ECC CENTCOM Constructors, LLC*, No. 17-CV-00224-YGR, 2017 WL 2289219, at *2 (N.D. Cal. May 25, 2017) (internal citations and quotations omitted). "The district court's jurisdiction to review such judgments is further evidenced by 28 U.S.C. Section 1450, which authorizes district courts to dissolve or modify state court orders entered prior to removal." *Id.*; *see also* 28 U.S.C. § 1450 (instructing that "orders, and other proceedings . . . prior to [a state court action's] removal shall remain in full force and effect *until dissolved or modified by the district court*") (emphasis added). Thus, by its very terms, "Section 1450 authorizes federal courts to vacate state court orders following removal." *Id.* Because the Justice Court lacked jurisdiction to grant the Petition, the Motion is granted to the extent it seeks to vacate the Injunction.

**IT IS THEREFORE ORDERED** that Defendants' Motion (Doc. 6) is **granted**. The Clerk of Court shall terminate this case accordingly.

Dated this 29th day of January, 2021.

Honorable Steven P. Logan
United States District Judge

5